**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JERRY RAY HALL,** | ) | **CASE NO. 7:20CV00162** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MR. WILLIAMS, ET AL.,** | ) | **By:  Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

Plaintiff Jerry Ray Hall, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.  He alleges that the defendants failed to provide him with informal complaint forms and regular grievance forms, in violation of his due process rights. As relief, Hall seeks $150,000 in damages.  Upon review of the record, the court finds that the action must be summarily dismissed as frivolous.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).  A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).  "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure.  An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process."  Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th

Cir. 2017).  Consequently, the defendants' alleged failure to provide Hall with grievance forms so that he could access the prison grievance procedure did not violate Hall's constitutional rights in any respect and does not provide a factual or legal basis for a § 1983 claim.[*]

For the reasons stated, the court will summarily dismiss Hall's complaint under § 1915A(b)(1), with prejudice, as factually and legally frivolous.  An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**:  This  21st  day of April, 2020.

Senior United States District Judge

---

[*] Pursuant to 42 U.S.C. § 1997e(a), a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies, and this exhaustion requirement is "mandatory."  Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).  While an inmate has no independent constitutional right to access a prison grievance procedure, which is Hall's claim here, an inmate may avoid dismissal of a viable constitutional claim, despite having failed to exhaust administrative remedies as required under § 1997e(a), if he proves that lack of access to necessary forms made the administrative remedies "unavailable."  Id. at 1860.

2